IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LARRY ROLAN LINDBERG, | Cause No. CV 23-95-M-DLC-KLD |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN; AUSTIN KNUDSEN, | |
| Respondents. | |

This case comes before the Court on Petitioner Larry Rolan Lindberg's petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Lindberg is a state prisoner proceeding pro se. The Court directed Lindberg to show cause why his petition should not be dismissed for being procedurally defaulted and untimely. (Doc. 5.) Lindberg responded. (Doc. 6.)

## I. Preliminary Review

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J.,

1

concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II. Background

Lindberg was convicted in the Eleventh Judicial District Court in Flathead County, Montana, of two counts of felony sexual assault, one count of felony sexual intercourse without consent, and one count of misdemeanor sexual assault. Lindberg was sentenced on October 6, 2005. Lindberg appealed, and his conviction was affirmed on November 18, 2008. *State v. Lindberg*, DA 06-0040, 2008 MT 389. He did not petition the U.S. Supreme Court for certiorari. Nor did he file any other state court proceeding regarding his conviction. (Doc. 1 at 3 – 4.)

Lindberg filed his federal petition on August 29, 2023. (Doc. 1.) He contends that the judge presiding over his case was a named defendant in a lawsuit related to the provision of public defenders in Flathead County, and therefore, Lindberg did not receive a fair trial or adequate counsel. (Doc. 1 at 5 – 6; Doc. 1-1.)

## III. Analysis

### A. Federal Statute of Limitations

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2244. Lindberg does not dispute that his

federal petition was likely due on or before February 16, 2010. (Doc. 6 at 3.) He asserts various impediments to his filing at that time, including mental health issues, ignorance of various case developments, and ineffective assistance of his appellate counsel. Lindberg's assertions in his response to the show cause order are that he suffers from PTSD, which contributed to several years of misdiagnosis of gastrointestinal symptoms, which prevented him from filing. He asserts that thinking about his trial caused further symptoms.

Tolling of the statute of limitations would be available to Lindberg if he could show that he has been pursuing his rights diligently, but an extraordinary circumstance stood in his way and prevented him from filing on time, *Holland v. Florida*, 560 U.S. 631, 649 (2010). "A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing." *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015). Lindberg has not made such a showing.

The Court is not persuaded that he was unable, for ten years, to understand the need to file or to prepare a petition for filing. Lindberg's articulate petition, while he is still claiming to be suffering from PTSD, relies almost entirely on his recent discovery of a lawsuit that he poses as the crux of his legal position, *White*

3

*v. Martz*, No. CDV-2002-133, 2002 WL 34377577 (Mont. Dist. July 25, 2002). Lindberg states that he only recently became aware of this lawsuit, which relates to the provision of public defenders in several counties in Montana during the time in which he was convicted. Lindberg's allegations regarding this lawsuit are varied, but the implication is that the judge presiding over his trial was biased and should have recused handled Lindberg's assignment of counsel differently. The Court is not convinced that Lindberg's PTSD was so debilitating that he could not perceive the need to file a petition, given that his recent discovery of the case appears to have motivated him to do so immediately and without difficulty.

    The substance of *White v Martz* also does not provide an excuse for Lindberg's late filing. First, the information regarding Montana's public defender system would have been known to Lindberg's counsel at the times of his trial, sentencing, and state court appeal. The Complaint Lindberg attaches with his petition, which he claims forms the crux of his argument regarding the appropriateness of his counsel, is dated December 2, 2003. The district court order shows that the case was dismissed on January 25, 2006, after the parties had reached a settlement in 2004. (Doc. 1-1 at 3 – 4.) Lindberg was sentenced on Oct. 6, 2005. There is nothing about this order or case that excuses not raising it until seventeen years later.

But further, and more fundamentally, *White v. Martz* does not show that Lindberg, personally, received ineffective assistance of counsel. The lawsuit alleged that the defendants had not provided sufficient administrative and financial resources to support the public defender system in Montana and did not provide constitutionally sound representation to indigent defendants. (Doc. 1-1 at 3.) However, the case says nothing about the specific treatment of Lindberg, and though there may have been systemic flaws, the case does not stand for the proposition that every single defendant received unconstitutional representation. In fact, Lindberg's counsel on his direct appeal did raise issues of ineffective assistance of trial counsel. *State v. Lindberg*, 2008 MT 389. The Montana Supreme Court addressed them. Lindberg's lack of knowledge of the existence of the *White v. Martz* case is not an extraordinary circumstance that stood in Lindberg's way and excuses his failure to raise any related claims in this Court in a timely fashion. Lindberg's petition is untimely.

### B. Procedural Default

A federal habeas court generally will not hear claims that have never been fairly presented in state court. Lindberg did not submit any of the claims regarding *White v. Martz* in his federal petition to the Montana Supreme Court. Lindberg was therefore asked to show cause why his petition should not be dismissed with prejudice as procedurally defaulted.

Lindberg's response is not entirely clear, because he concedes that he never presented the claims to the Montana courts. His contentions related to the issues in *White v Martz* "had nothing to do with what was brought up in the direct appeal to the Montana high court." (Doc. 6 at 2.) Lindberg has not shown that some impediment external to his defense prevented him from presenting those arguments to the Montana courts.

If a petitioner has procedurally defaulted on a claim, a federal court may nonetheless consider the claim if he shows: (1) good cause for his failure to exhaust the claim; *and* (2) prejudice from the purported constitutional violation; *or* (3) demonstrates that not hearing the claim would result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Sawyer v. Whitley,* 505 U.S. 333, 339–40 (1992).

"Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, … impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (citation omitted); *Coleman*, 501 U.S. at 753. While attorney ignorance or inadvertence cannot establish cause for a procedural default, "[a]ttorney error that constitutes ineffective assistance of counsel is cause[.]" *Coleman*, 501 U.S. at 753-54; see also *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("It has long been the rule that attorney error is an objective external factor providing cause for excusing

a procedural default only if that error amounted to a deprivation of the constitutional right to counsel."). As with all other claims, the ineffective assistance claim had to have been presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

Lindberg must have presented the ineffective assistance of counsel claim in a proper manner in the state court system, such as in a petition for postconviction relief, including through the Montana Supreme Court. Lindberg's appellate counsel raised issues of ineffective trial counsel in the Montana Supreme Court. However, no issues related to the systemic problems in the Montana public defender system were raised, nor were issues related to the assignment of counsel by Lindberg' trial judge. These claims remain procedurally defaulted.

Finally, Lindberg has not attempted to establish "that under the probative evidence he has a colorable claim of factual innocence." *Sawyer,* 505 U.S. at 339, 112 S.Ct. 2514 (quotation marks omitted). He does not assert, nor could he establish, a colorable claim of innocence.

### C. Conclusion

The claims contained in Lindberg's petition are untimely and procedurally defaulted without excuse. Based upon Lindberg's response to this Court's order, he

has not demonstrated a valid basis to excuse his untimeliness or set aside the procedural default. Accordingly, this matter will be dismissed with prejudice.

## IV.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Lindberg has not made a substantial showing that he was deprived of a constitutional right. He has failed to justify tolling of his statute of limitations, and he has failed to demonstrate the requisite cause and prejudice to set aside the procedural default. Reasonable jurists would find no basis to encourage further proceedings.  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Lindberg's petition is dismissed. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58. Any pending motions are DENIED as moot.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Lindberg files a notice of appeal.

DATED this 20th day of November, 2023.

_____
Dana L. Christensen, District Judge
United States District Court